IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAUREN A. LAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-CV-1953-RWS |
| B. PARKER, C. HUFFMAN, | ) | |
| T. WEBSTER, D. ROSE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ANSWER AND DEFENSES OF DEFENDANTS PARKER, HUFFMAN, WEBSTER AND ROSE TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendants PARKER, HUFFMAN, WEBSTER AND ROSE,

and file this their Answer to Plaintiff's Amended Verified Complaint as follows:

## **JURISDICTION**

### 1.

Defendants admit that the Court has jurisdiction.

## **VENUE**

### 2.

Defendants admit proper venue.

## **PARTIES**

3.

Defendants admit the allegations in paragraph 3.

4.

Defendants admit the allegations in paragraph 4.

5.

Defendants admit the allegations in paragraph 5.

6.

Defendants admit the allegations in paragraph 6.

7.

Defendants admit the allegations in paragraph 7.

8.

Defendants admit the allegations in paragraph 8.

9.

Defendants admit the allegations in paragraph 9.

10.

Defendants admit the allegations in paragraph 10.

11.

Defendants admit the allegations in paragraph 11.

12.

Defendants admit the allegations in paragraph 12.

13.

Defendants admit the allegations in paragraph 13.

14.

Defendants admit the allegations in paragraph 14.

15.

Defendants admit the allegations in paragraph 15.

16.

Defendants admit the allegations in paragraph 16.

17.

Defendants admit the allegations in paragraph 17.

18.

1) Defendants deny the allegations in subparagraph 1 of paragraph 18.

2) Defendants deny the allegations in subparagraph 2 of paragraph 18.

3) Defendants deny the allegations in subparagraph 3 of paragraph 18.

4) Defendants deny the allegations in subparagraph 4 of paragraph 18.

5) Defendants deny the allegations in subparagraph 5 of paragraph 18.

6) Defendants deny the allegations in subparagraph 6 of paragraph 18.

7)     Defendants deny the allegations in subparagraph 7 of paragraph 18.

8)     Defendants deny the allegations in subparagraph 8 of paragraph 18.

## FACTUAL ALLEGATIONS

### 19.

Defendants admit that on the referenced date the Plaintiff was traveling in a silver Ford Taurus. Defendants lack sufficient information, knowledge or belief to admit or deny the allegations regarding the Plaintiff's destination.

### 20.

Defendants admit that at the approximate time and location Defendant Parker made a traffic stop on Plaintiff for having no brake lights. Defendants deny any remaining allegations.

### 21.

Defendants admit the allegations in paragraph 21.

### 22.

Defendants deny the allegations in paragraph 22.

### 23.

Defendants admit that Plaintiff asked what crime she committed, and she was entitled to ask that question. Defendants deny the remaining allegations in this paragraph.

24.

Defendants admit the allegations in paragraph 24.

25.

Defendants admit that the Plaintiff refused to produce her driver's license and argued with Officer Parker. Defendants deny any further allegations in this paragraph.

26.

Defendants admit that Officer Parker called for backup and Officers Huffman, Webster and Rose responded to the scene. Defendants deny all remaining allegations in paragraph 26.

27.

Defendants admit that after the arrival of Officers Huffman, Rose and Webster, Plaintiff continued arguing and asked what crime she was suspected of committing. Defendants deny the remaining allegations in paragraph 27.

28.

Defendants deny the allegations in paragraph 28.

29.

Defendants admit that Officer Webster tried to gain access to the car. Defendants deny the remaining allegations in this paragraph.

30.

Defendants admit the allegations in paragraph 30.

31.

Defendants admit that they continued to request Plaintiff to produce her license.  Defendants deny the remaining allegations in this paragraph.

32.

Defendants admit that Officer Parker struck one or more vehicle windows with his police baton.  Defendants deny the remaining allegations in the form and manner alleged.

33.

Defendants admit that Officer Parker struck the left front window with his baton and Plaintiff was seated in the driver's seat.  Defendants deny the remaining allegations in this paragraph.

34.

Defendants admit that Officer Parker did not break any of the windows. Defendants deny the remaining allegations in this paragraph.

35.

Defendants admit that Officer Huffman broke the left front window and Plaintiff was sitting in the driver's seat.  Defendants deny the remaining allegations

in this paragraph.

36.

Defendants admit Plaintiff stated she had glass in her eyes. Defendants deny the remaining allegations in this paragraph.

37.

Defendants admit that Officer Rose unlocked the door, grabbed Plaintiff and pulled her out of the vehicle. Defendants deny the remaining allegations in this paragraph.

38.

Defendants admit that Plaintiff was searched incident to arrest and the vehicle was titled to someone other than the Plaintiff. Defendants deny the remaining allegations in this paragraph.

39.

Defendants admit that Plaintiff requested medical attention. Defendants deny the remaining allegations in this paragraph.

40.

Defendants admit the allegations in paragraph 40.

41.

Defendants admit Plaintiff requested her cell phone. Defendants deny the

remaining allegations in this paragraph.

42.

Defendants admit that Defendant Webster attempted to shut the car door, and Plaintiff prevented that with her leg(s). Defendants deny the remaining allegations in this paragraph.

43.

Defendants deny the allegations in paragraph 43.

44.

Defendants deny the allegations in paragraph 44.

45.

Defendants deny the allegations in paragraph 45.

46.

Defendants deny the allegations in paragraph 46.

47.

Defendants admit Plaintiff was transported to Piedmont Henry Hospital. Defendants deny the remaining allegations in this paragraph.

48.

Defendants admit that after Plaintiff was released from the hospital Defendant Webster drove her to the Henry County Jail. Defendants deny the remaining

allegations in this paragraph.

49.

Defendants admit the allegations in paragraph 49.

50.

Defendants deny the allegations in paragraph 50.

51.

Defendants can neither admit nor deny the allegations set forth in paragraph 51 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

52.

Defendants can neither admit nor deny the allegations set forth in paragraph 52 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

53.

Defendants can neither admit nor deny the allegations set forth in paragraph 53 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

54.

Defendants can neither admit nor deny the allegations set forth in paragraph

54 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

55.

Defendants can neither admit nor deny the allegations set forth in paragraph 55 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

56.

Defendants can neither admit nor deny the allegations set forth in paragraph 56 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

57.

Defendants can neither admit nor deny the allegations set forth in paragraph 57 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

58.

Defendants can neither admit nor deny the allegations set forth in paragraph 58 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

59.

Defendants can neither admit nor deny the allegations set forth in paragraph 59 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

60.

Defendants can neither admit nor deny the allegations set forth in paragraph 60 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

61.

Defendants can neither admit nor deny the allegations set forth in paragraph 61 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

62.

Defendants can neither admit nor deny the allegations set forth in paragraph 62 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

63.

Defendants can neither admit nor deny the allegations set forth in paragraph 63 of Plaintiff's Complaint for lack of sufficient information upon which to form a

belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

64.

Defendants can neither admit nor deny the allegations set forth in paragraph 64 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

65.

Defendants can neither admit nor deny the allegations set forth in paragraph 65 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

66.

Defendants can neither admit nor deny the allegations set forth in paragraph 66 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

67.

Defendants can neither admit nor deny the allegations set forth in paragraph 67 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

68.

Defendants can neither admit nor deny the allegations set forth in paragraph

68 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

69.

Defendants can neither admit nor deny the allegations set forth in paragraph 69 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

70.

Defendants can neither admit nor deny the allegations set forth in paragraph 70 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

71.

Defendants can neither admit nor deny the allegations set forth in paragraph 71 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

72.

Defendants can neither admit nor deny the allegations set forth in paragraph 72 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

73.

Defendants can neither admit nor deny the allegations set forth in paragraph 73 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

74.

Defendants can neither admit nor deny the allegations set forth in paragraph 74 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

75.

Defendants can neither admit nor deny the allegations set forth in paragraph 75 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

76.

Defendants can neither admit nor deny the allegations set forth in paragraph 76 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

77.

Defendants can neither admit nor deny the allegations set forth in paragraph 77 of Plaintiff's Complaint for lack of sufficient information upon which to form a

belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

78.

Defendants can neither admit nor deny the allegations set forth in paragraph 78 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

79.

Defendants can neither admit nor deny the allegations set forth in paragraph 79 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

80.

Defendants can neither admit nor deny the allegations set forth in paragraph 80 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

81.

Defendants can neither admit nor deny the allegations set forth in paragraph 81 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

82.

Defendants can neither admit nor deny the allegations set forth in paragraph

82 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

83.

Defendants can neither admit nor deny the allegations set forth in paragraph 83 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

84.

Defendants can neither admit nor deny the allegations set forth in paragraph 84 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

85.

Defendants can neither admit nor deny the allegations set forth in paragraph 85 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

86.

Defendants can neither admit nor deny the allegations set forth in paragraph 86 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

87.

Defendants can neither admit nor deny the allegations set forth in paragraph 87 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

88.

Defendants can neither admit nor deny the allegations set forth in paragraph 88 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

89.

Defendants can neither admit nor deny the allegations set forth in paragraph 89 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

90.

Defendants can neither admit nor deny the allegations set forth in paragraph 90 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

91.

Defendants can neither admit nor deny the allegations set forth in paragraph 91 of Plaintiff's Complaint for lack of sufficient information upon which to form a

belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

92.

Defendants can neither admit nor deny the allegations set forth in paragraph 92 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

93.

Defendants deny the allegations in paragraph 93.

94.

Defendants can neither admit nor deny the allegations set forth in paragraph 94 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

95.

Defendants can neither admit nor deny the allegations set forth in paragraph 95 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

96.

Defendants can neither admit nor deny the allegations set forth in paragraph 96 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

97.

Defendants can neither admit nor deny the allegations set forth in paragraph 97 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

98.

Defendants can neither admit nor deny the allegations set forth in paragraph 98 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

99.

Defendants can neither admit nor deny the allegations set forth in paragraph 99 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

100.

Defendants admit that plaintiff pled guilty to various offenses and was sentenced as stated. Defendants lack sufficient information, knowledge or belief as to the remaining allegations in paragraph 100.

101.

Defendants can neither admit nor deny the allegations set forth in paragraph 101 of Plaintiff's Complaint for lack of sufficient information upon which to form a

belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

102.

Defendants can neither admit nor deny the allegations set forth in paragraph 102 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

103.

Defendants can neither admit nor deny the allegations set forth in paragraph 103 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

104.

Defendants can neither admit nor deny the allegations set forth in paragraph 104 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

105.

Defendants can neither admit nor deny the allegations set forth in paragraph 105 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

106.

Defendants can neither admit nor deny the allegations set forth in paragraph

106 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth thereof, and hereby put Plaintiff upon strict proof of same.

## ANSWER TO FIRST CLAIM FOR RELIEF

### " Unreasonable Search and Seizure under the United States Constitution/Due Process "

107.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 47 of Plaintiff's Amended Complaint.

108.

Defendants deny the allegations in paragraph 108.

109.

Defendants deny the allegations in paragraph 109.

110.

Defendants deny the allegations in paragraph 110.

111.

Defendants deny the allegations in paragraph 111.

112.

Defendants deny the allegations in paragraph 112.

## ANSWER TO SECOND CLAIM FOR RELIEF

## " Violation of Due Process/Fair and Speedy Trial "

### 113.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 112 of Plaintiff's Amended Complaint.

### 114.

Defendants deny the allegations in paragraph 114.

### 115.

Defendants deny the allegations in paragraph 115.

### 116.

Defendants deny the allegations in paragraph 116.

### 117.

Defendants deny the allegations in paragraph 117.

### 118.

Defendants deny the allegations in paragraph 118.

## ANSWER TO THIRD CLAIM FOR RELIEF

### " Excessive Fines/Cruel and Unusual Punishment "

119.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 118 of Plaintiff's Amended Complaint.

120.

Defendants deny the allegations in paragraph 120.

121.

Defendants deny the allegations in paragraph 121.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### " Freedom of Speech Violation "

122.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 121 of Plaintiff's Amended Complaint.

123.

Defendants deny the allegations in paragraph 123.

124.

Defendants deny the allegations in paragraph 124.

## ANSWER TO FIFTH CLAIM FOR RELIEF

### " Involuntary Servitude/Involuntary Slavery "

125.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 124 of Plaintiff's Amended Complaint.

126.

Defendants deny the allegations in paragraph 126.

127.

Defendants deny the allegations in paragraph 127.

## ANSWER TO SIXTH CLAIM FOR RELIEF

### " Punitive Damages "

128.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 127 of Plaintiff's Amended Complaint.

129.

Defendants deny the allegations in paragraph 129.

## ANSWER TO SEVENTH CLAIM FOR RELIEF

## " Civil Damages "

130.

Defendants hereby incorporate by reference, as if fully set forth herein, the answers and responses previously made to Paragraphs 1 through 129 of Plaintiff's Amended Complaint.

131.

Defendants deny the allegations in paragraph 131.

132.

In response to the document entitled "Criminal Complaint", filed at Docket #3, Defendants deny all material allegations against them and deny all allegations that would tend to establish liability against any of these Defendants.  Defendants state that the referenced document appears to have been superseded by the "Motion to Amend Verified Complaint," construed by the Court as an amended complaint.

133.

Defendants deny any and all other allegations or inferences of liability that have not been specifically admitted herein.

### THIRD DEFENSE

Defendants' actions were legally authorized and privileged under controlling law.

### FOURTH DEFENSE

To the extent applicable, Plaintiff's alleged injuries and damages, if any, are the result of a pre-existing condition for which Defendants are not responsible.

### FIFTH DEFENSE

Defendants are protected by qualified immunity as to any constitutional claim brought pursuant to 42 U.S.C. § 1983 because, at all times relevant hereto, each was performing objectively reasonable, discretionary acts as a public officer.

### SIXTH DEFENSE

To the extent applicable, Plaintiff's alleged injuries and damages, if any, were proximately caused by her own misconduct, negligence, assumption of risk, failure to exercise ordinary care, and/or by persons other than Defendants.

### SEVENTH DEFENSE

Defendants are entitled to official immunity because, at all times relevant hereto, each performed discretionary functions without actual malice.

### EIGHTH DEFENSE

To the extent applicable, Plaintiff's alleged injuries and damages, if any, were

proximately caused by persons other than these Defendants.

## NINTH DEFENSE

The doctrines of collateral estoppel and *res judicata* bar Plaintiff's claims.

## TENTH DEFENSE

To the extent that success on any claim would conflict with the result in a criminal or disciplinary proceeding, Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), bars Plaintiff's claims.

## ELEVENTH DEFENSE

To the extent applicable, Plaintiff failed to mitigate damages.

## TWELTH DEFENSE

Any Defendant sued in an "official capacity" is immune from punitive damages, and state law claims are barred by sovereign immunity.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages against these Defendants in their individual capacities violate the due process clause of the Georgia Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH DEFENSE

An award of punitive damages against these Defendants would violate the prohibition against excessive fines set forth in the Eighth Amendment to the United

States Constitution and in Article 1, Section I, Paragraph XVII of the Constitution of Georgia.

## FIFTEENTH DEFENSE

The Fourteenth Amendment's due process clause limits punitive damages, and Defendants hereby invoke Georgia law's cap on punitive damages, as well as all other limitations and requirements provided under controlling law.

WHEREFORE, having fully answered, Defendants pray that judgment be entered in their favor and against the Plaintiff, that Plaintiff take nothing, and that Defendants be awarded their costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED.**

This 16th day of January, 2018.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason C. Waymire
JASON C. WAYMIRE
Georgia Bar No. 742602

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
678-541-0790
678-541-0789
jason@wmwlaw.com

## **CERTIFICATE OF SERVICE**

I certify that I have this day served a copy of the within and foregoing ANSWER on all parties via United States Mail postage prepaid, addressed as follows:

Lauren A. Law – Pro Se
P. O. Box 274
Ellenwood, GA 30294

This 16th day of January, 2018.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ Jason C. Waymire
JASON C. WAYMIRE
Attorney for Defendants