IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREN A. LAW<br><br>   Plaintiff,<br><br>     v.<br><br>BLAKE PARKER, CHARLES HUFFMAN, TEIRRAH WEBSTER, and DAVID ROSE,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:17-CV-01953-WMR |

**ORDER**

Pending before the Court is Defendants' First Motion for Attorney's Fees and Expenses [Doc. 94], as well as Defendants' Supplement to Their First Motion for Attorney's Fees and Expenses [Doc. 104]. After due consideration of all relevant matters of record and with benefit of oral argument held before this Court on July 31, 2019, the Court enters the following Order.

**I.   BACKGROUND**

Plaintiff filed this 1983 action against Henry County police officers on May 26, 2017. This case arises out of Plaintiff's arrest by the Defendants following a traffic stop on December 9, 2016 in Henry County, Georgia.

1

Thereafter, Plaintiff pled guilty to obstruction of Officer Parker and *nolo contender* to a brake light violation. These convictions have not been vacated or overturned.

Plaintiff filed this action in May 2017, and the Court granted Plaintiff leave to proceed *in forma pauperis* [Doc. 2]. Under the Court's frivolity review, pursuant to U.S.C. § 1915(a), the only claims allowed to proceed were against Defendants Parker, Huffman, Webster and Rose. The specific claims allowed to proceed are under the Fourth Amendment for the traffic stop, Plaintiff's arrest, and alleged use of excessive force at the arrest scene. [Doc. 6] at 7-12.4 All other claims and Defendants were dismissed.

This Court granted Defendants' Motion for Summary Judgment as to all parties on June 6, 2019. [Doc. 92]. Thereafter, Defendants filed this timely motion for attorney fees. [Doc. 94]. Plaintiff has filed no objections or responses to the Defendants' motion, nor did she appear for the hearing on the matter.

II. **STANDARD OF REVIEW**

Defendants have filed their motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2), Local Rule 54.2, and 42 U.S.C. § 1988. According to 42 U.S.C. § 1988(b), "In any action or proceeding to enforce a provision of

section[ ]...1983...of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b). "[ A] 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001). "[A] district court may in its discretion award attorney's fees to a prevailing defendant...upon a finding that the plaintiffs' action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

When determining whether a claim is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). The Eleventh Circuit has established general guidelines for ascertaining whether a claim is frivolous and a defendant is entitled to attorney's fees; a district court must determine: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown

trial on the merits." *Sullivan*, 773 F.2d at 1189. However, these factors are "general guidelines only" and a court should determine frivolity on a "case-by-case basis." *Id*.

## III. AWARD OF ATTORNEY FEES

In applying the general guidelines provided by the 11th Circuit, it is clear from the record that Plaintiff failed to establish a prima facie case for a 1983 action. Indeed, most of her time litigating this action was spent on disputing her Henry County convictions for obstruction and the tail light violation. Second, Defendants' attorney stated in open court, during the hearing held on this matter, that there had been no offers of settlement to Plaintiff. Finally, this case was dismissed pursuant to summary judgment; this case did not reach the trial stage. Accordingly, through review of the record and application of the facts to the general guidelines provided by the 11th Circuit, this Court finds that the award of attorney fees is proper.

"[T]he district court has wide discretion" in determining the proper amount of attorney fees to award. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). However, "the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. (quoting, *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1304 (11th

Cir.1988)). In order to do this, the court must determine the lodestar; the lodestar "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. (internal quotations omitted). After the lodestar is determined, the court should make adjustments for the results of the case; "if the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Norman v. Hous. Auth. of Montgomery,* 836 F.2d at 1302 (11th Cir.1988)(internal citations omitted).

### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The district court is an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *St. Claire v. Trauner, Cohen &Thomas, L.L.P*., 2008 WL 151542 (11th Cir. 2008) (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

In the instant case, Defendants submit that the reasonable hourly rate for the services of their attorney Jason C. Waymire is $165. [Doc. 104 at 3]. In a declaration accompanying Defendants' motion, Waymire lists his credentials and notes that he has represented "individuals in tort litigation, including civil rights cases" since 2002. [Doc. 104-1 at ₱5]. Additionally, Waymire declares the $165 rate charged by his firm is lower than typical civil rights attorneys in the Atlanta Division because his firm offers discounts to clients with "repeated volume business" and references an order from an earlier civil rights cases where an attorney was awarded a fee rate of $325 per hour. [Docs. 104,104-1]. Plaintiff has offered no objection or response to this proposed rate.

After review of the record, the Court agrees with Defendants that $165 is a reasonable hourly rate for a case such as this, and while Defendants' citation to earlier awards of attorney fees is not binding, it is instructive. *St. Claire v. Truner, Cohen & Thomas, L.L.P.* at \*3. Accordingly, the Court finds a rate of $165 per hour to be reasonable.

**B.     Reasonable Number of Hours**

The next step in the lodestar calculation is determining the time Waymire reasonably expended in the case. *Id.* In making this calculation, the

11th Circuit instructs "that excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d at 1301. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In other words, parties should "exercise billing judgment." *Id*. The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id* at 1303.

In the instant case, Waymire has provided a detailed billing statement and has, in fact, redacted certain items that "may not be deemed to be strictly required to defend the case." [Doc. 104-1, ¶7]. Waymire's billing statement indicates a total of 106.7 hours expended on defending this case. [Doc 104-1 at 4]. Additionally, during the hearing held on July 31, 2019, Waymire indicated that an additional 3 hours should be added to the total as additional motions have been filed since the filing of the instant motion. This brings the total hours to 109.7 hours. Plaintiff has neither objected to nor filed any response to the number of hours claimed by Defendants.

Having reviewed the extensive record of this case, as well as Waymire's invoice provided by Defendants, it appears that 109.7 hours claimed by Defendants is completely reasonable. Therefore, the Court finds 109.7 hours is reasonable.

### C.  Multiplication and Lodestar Adjustments

Finally, the Court is required to multiply the hourly rate with the number of hours expended in defense of the case and, if necessary, make any necessary adjustments. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d at 1302. The Court finds that given the nature of this case and the time expended, no adjustments are necessary. Accordingly, the lodestar analysis yields a total of $18,100.50 in attorney's fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that $18,100.50 is a reasonable amount of attorney's fees. Therefore, Defendants' First Motion for Attorney's Fees and Expenses [Doc. 94] is hereby **GRANTED**. Plaintiff is hereby **ORDERED** to pay Defendants a total of $18,100.50 and to do so no later than six (6) months from the date of this Order, or six (6) months after the final decision on appeal, whichever is later.

SO ORDERED, this 5th   day of August, 2019.

_____
WILLIAM M. RAY, II
United States District Judge